IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| COLD FRONT LOGISTICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:25-cv-04085-MDH |
| | ) |
| AUTO-OWNERS (MUTUAL) INSURANCE | ) |
| COMPANY, DARIN UNDERWOOD, and | ) |
| PERRY SANSING, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Plaintiff Cold Front Logistics, LLC's ("Plaintiff") Motion to Remand (Doc. 10) and Defendant Darin Underwood's ("Defendant Underwood") Motion to Dismiss Counts III, IV, and V of Plaintiff's Complaint. (Doc. 13). As both motions deal with whether Defendant Underwood was a properly joined party the Court will examine both motions in tandem. Plaintiff filed suggestions in support of its Motion to Remand (Doc. 1), and Defendants Underwood and Auto-Owners Insurance Company ("Defendant Auto-Owners") filed suggestions in opposition. (Docs. 16 and 17). Plaintiff has failed to file a response and the time to do so has elapsed. Defendant Underwood filed suggestions in support for his Motion to Dismiss (Doc. 14), Plaintiff filed suggestions in opposition. (Doc. 18), and Defendant Underwood has filed a reply. (Doc. 19). The motions are now ripe for adjudication on the merits. The Court, after full consideration of the issues raised and legal arguments provided by the parties, hereby **GRANTS** Defendant Underwood's Motion to Dismiss Counts III, IV, and V of Plaintiff's Complaint and **DENIES** Plaintiff's Motion to Remand.

1

**BACKGROUND**

This case stems from an insurance agreement dispute regarding the actual and necessary costs for losses from a storm that resulted in hail damages to real property located at 621 W. Benton St. in Sedalia, Missouri ("Property"). Plaintiff is insured by Defendant Auto-Owners for the Property located in Sedalia, Missouri. Defendant Auto-Owners is a Michigan Corporation with its Principal place of business in Lansing, Michigan. Defendant Perry Sansing ("Defendant Sansing") is a resident in Austin, Texas and works for Catastrophe Specialist, Inc. which is a third-party company that provides independent adjusting and/or damage review consulting to insurance companies. Defendant Underwood is a resident of Centralia, Missouri and is a third-party investigator and/or engineer for Allstate Consultants.

Plaintiff entered into an insurance agreement with Defendant Auto-Owners to insure the Property in Sedalia, Missouri. On or about August 14, 2023, an initial inspection was performed by Defendant Sansing on behalf of Catastrophe Specialist, Inc. for damages resulting from an earlier storm. Defendant Auto-Owners relied on this inspection, findings and opinions to originally deny Plaintiff's roof claim outright on August 28, 2023. Plaintiff hired legal counsel and got the claim denial reversed. Defendant Auto-Owners is alleged to have offered $608,000 in satisfaction of the claim, whereas Plaintiff alleges this is a gross undervaluation of the claim which Plaintiff alleges should be $1,400,000 to $1,700,000. Plaintiff also alleges Defendant Underwood made representations and statements concerning the roofing surfaces, walls and other structures that were potentially relied on in Defendant Auto-Owners first denial of coverage on the claim, in addition to its subsequent claim decision.

Plaintiff brought this action in the Circuit Court of Pettis County, Missouri alleging five Counts: Count I – Breach of Contract against Defendant Auto-Owners; Count II – Vexatious

2

Refusal to Pay against Defendant Auto-Owners; Count III – Fraudulent Misrepresentation against Defendants Sansing and Underwood; Count IV – Negligent Misrepresentation against Defendants Sansing and Underwood; and Count V – Tortious Interference against Defendants Sansing and Underwood. Defendant Auto-Owners removed the action to federal court alleging that Defendant Underwood was fraudulently joined and thus allowing removal to this Court.

Plaintiff brings its current motion seeking to remand the case back to the Circuit Court of Pettis County, Missouri. Defendant Underwood brings his Motion to Dismiss Counts III, IV, and V of Plaintiff's Complaint. The Court will take each motion in turn.

## STANDARD

### I. Motion to Dismiss

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### II. Motion to Remand

28 U.S.C. § 1441 governs the removal of civil actions from state courts to the federal courts.

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## ANALYSIS

The Court will first address Defendant Underwood's Motion to Dismiss as the determinations on this motion will inform the Court regarding the Motion to Remand.

**I.     Motion to Dismiss**

Defendant Underwood argues the Court should dismiss Counts III – Fraudulent Misrepresentation, Count IV – Negligent Misrepresentation and Count V– Tortious Interference. Specifically Defendant Underwood argues: Plaintiff's Complaint fails to state a cause of action based on a failure to allege facts to support each element and failure to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b); Plaintiff has failed to allege facts that Defendant Underwood induced Defendant Auto-Owners to act; Plaintiff fails to state a cause of action because the Economic Loss Doctrine bars recovery;  and Court V should be dismissed because he was an agent of disclosed principal of Defendant Auto-Owners. The Court will take each argument in turn.

**A.     Heightened Pleading Requirement**

4

Defendant Underwood argues that Plaintiff's Complaint fails to state a cause of action in Counts III and IV as Plaintiff failed to allege facts supporting each element of the causes of action and failed to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Plaintiff argues that the Complaint asserts a sufficient factual basis and satisfies Federal Rule of Civil Procedure 9(b)'s heightened notice requirement.

Federal Rule of Civil Procedure 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." There is conflicting precedent among federal courts as to whether Rule 9(b) applies to claims for negligent misrepresentation, but the Eighth Circuit does not require district courts to apply Rule 9(b) to such claims. *Allen v. Wright Med. Tech., Inc.*, No. 4:21-CV-01444-SEP, 2022 WL 4181793, at *2 (E.D. Mo. Sept. 13, 2022). Under Missouri law, "[a] claim for negligent misrepresentation, unlike one for fraud, does not involve a question of intent." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. banc 2010). "The very nature of this claim, then, fails to implicate any knowing participation in fraud." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012), as corrected (Nov. 28, 2012). Thus, a claim for negligent misrepresentation must comply only with Federal Rule of Civil Procedure Rule 8(a)'s general pleading requirement and not Rule 9(b)'s heightened standard.

### i. Fraudulent Misrepresentation

To maintain a claim for fraudulent misrepresentation the plaintiff must allege:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

5

*United Fire & Cas. Co. v. Advantage Workers Comp. Ins. Co.*, No. 16-CV-00466-W-DW, 2017 WL 2964723, at *8 (W.D. Mo. June 26, 2017) (quoting *The Finest Place, Inc. v. Skidmore*, 477 S.W.3d 745, 748 (Mo. Ct. App. 2016)).

Here, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's Complaint states:

> Sansing and Underwood intentionally and/or fraudulently misrepresented that there was no hail damage on the subject roof surfaces(s) and property resulting in a claim denial early on in negotiation. Defendants knew or had reason to know these statements to Auto-Owners were not accurate and were false as to hail damage and/or stated conditions of property that resulted in overly high depreciation adjustments. Defendants knew that this information would be directly acted upon by Auto-Owners in its claim decision under the contract of insurance with Plaintiff. Auto-Owners reasonably relied on these in-person inspections and statements of Defendants because they were hired to travel to the warehouse location for on-site review. As such, both Auto-Owners and Plaintiff relied on the representations made by said Defendants and these statements proximately cause Plaintiff's contract dispute and damages.

(Complaint ¶ 29). Plaintiff's Complaint fails to state how Plaintiff would be considered the hearer given the allegations pleaded. Plaintiff appears to plead a cause of action that Defendant Auto-Owners may have against Defendants Sansing and Underwood but provides no support for how Plaintiff itself would have a right to relief based on the Complaint. Plaintiff has not stated when or how a statement was made to Plaintiff by Defendants Sansing or Underwood, or how Plaintiff had a right to rely on those statements. Plaintiff's Complaint fails to sufficiently plead a right to relief. For the reasons stated, Defendant Underwood's Motion to Dismiss Count III – Fraudulent Misrepresentation is **GRANTED**.

ii. **Negligent Misrepresentation**

To maintain a claim for negligent misrepresentation the plaintiff must allege:

6

Case 2:25-cv-04085-MDH    Document 20    Filed 07/10/25    Page 6 of 11

(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*United Fire & Cas. Co. v. Advantage Workers Comp. Ins. Co.*, No. 16-CV-00466-W-DW, 2017 WL 2964723, at *8 (W.D. Mo. June 26, 2017) (quoting *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. banc 2010)).

Even under the pleading standard of Federal Rule of Civil Procedure 8(a), Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's Complaint states in relevant part "Defendants intentionally provided this consulting and/or opinion information to Auto-Owners who, at least initially, justifiably relied on it to deny the claim in the course of their business of claim adjusting." (Complaint ¶ 35). Plaintiff's Complaint further alleges "Auto-Owners later relied on such information as a cause to devalue the claim. The opinions and statements of the Defendants were also later used or relied on by Auto-Owners to grossly depreciate the ACV offered under the claim which resulted in Plaintiff's damages." *Id*. Plaintiff fails to plead elements four and five of negligent misrepresentation. Plaintiff's Complaint fails to show how Plaintiff would have justifiably relied on the information or how Plaintiff's reliance on that information led to a pecuniary loss. For the reasons stated, Defendant's Underwood Motion to Dismiss Count IV – Negligent Misrepresentation is **GRANTED**.

    **B.    Agent of Disclosed Principal**

Defendant Underwood next argues that Count V – Tortious Interference should be dismissed because an agent cannot be held personally liable for those lawful acts done within the scope of his authority and on behalf of a disclosed principal. Defendant Underwood argues that all

7

Case 2:25-cv-04085-MDH    Document 20    Filed 07/10/25    Page 7 of 11

of the alleged actions of Defendant Underwood are alleged to have been done as a disclosed agent of Defendant Auto-Owners. Plaintiff argues that it can properly assert a claim for tortious interference against Defendant Underwood, especially where Defendant Underwood was acting out of his own interests rather than Auto-Owner's interests.

An agent is not liable for lawful acts performed within the scope of its authority for a disclosed principal. *Grobe v. Vantage Credit Union*, 679 F. Supp. 2d 1020, 1029 (E.D. Mo. 2010) (citing *Town & County Appraisals, LLC v. Hart*, 244 S.W.3d 187, 189 (Mo. Ct. App. 2007)). Here, Plaintiff argues that it can assert a claim for tortious interference against Defendant Underwood where Defendant Underwood was acting out of his own interests rather than Auto-Owner's interest. However, Plaintiff does not plead that Defendant Underwood was acting under his own interest. Plaintiff's Complaint alleges "these companies Defendants operate and/or work for are paid well to provide these opinions which benefit their claims adjusting business interests." (Complaint ¶ 35). Plaintiff's Complaint further states "[t]he companies individual Defendants work for and/or operate exist primarily to serve insurance companies in this cottage industry and provide some basis for carriers to deny and devalue such commercial and residential property claims." *Id*. Plaintiff only makes generalities about the market in which the businesses that employ Defendants Sansing and Underwood operate in. Plaintiff's Complaint at no point raises the idea that Defendant Underwood was acting in his own interests rather than within the scope of authority from Defendant Auto-Owners. Additionally, Catastrophe Specialist Inc. and Allstate Consultants are not parties to this action. As such, the Court finds that Plaintiff has failed to raise a right to relief on Count V – Tortious Interference. For the reasons stated, Defendant Underwood's Motion to Dismiss Count V based on an agent cannot be held personally liable for those lawful acts done

8

within the scope of his authority and on behalf of a disclosed principal is **GRANTED**. Defendant Underwood is hereby dismissed from the case.

### C. Economic Loss Doctrine and Failure to Allege Facts

Defendant lastly argues Plaintiff's Complaint fails to state a cause of action in Counts III, IV and V because of the Economic Loss Doctrine and that Plaintiff fails to allege facts that support Defendant Underwood induced Defendant Auto-Owners to act. The Court already having granted Defendant's Underwood's Motion to Dismiss Count III, IV and V, as discussed above, need not proceed further in its analysis and will decline to evaluate Defendant Underwood's Motion to Dismiss regarding his other arguments.

## II. Motion to Remand

Plaintiff argues that this case should be remanded back to the Circuit Court of Pettis County, Missouri because Defendant Auto-Owners has failed to meet is burden that Defendant Sansing and Defendant Underwood are fraudulently joined as Defendants in Plaintiff's Complaint. Plaintiff further argues that remand is required because this Court lacks subject matter jurisdiction over the case. Defendant Underwood argues that Plaintiff's Motion to Remand should be dismissed as Plaintiff attempts to bring a cause of action for which there is no reasonable likelihood that Plaintiff may recover against under Missouri law against Defendant Underwood. Defendant Underwood makes the same arguments as already discussed above in his Motion to Dismiss. Defendant Auto-Owners argues that no colorable cause of action lies against Defendant Underwood because all of his alleged conduct occurred while he was acting within the course and scope of his employment as a retained consultant for Defendant Auto-Owners. Defendant Auto-Owners further argues that no colorable cause of action lies against Defendant Underwood because, under Missouri law, Plaintiff's remedies are limited to causes of action for breach of

9

contract and vexatious refusal to pay. Lastly, Defendant Auto-Owners argues that Plaintiff cannot state the proposed causes of action as against Defendant Underwood.

The doctrine of fraudulent jointer is an exception to the complete diversity rule. *Anderson v. R.J. Reynolds Tobacco Co.*, 549 F. Supp. 3d 979, 981 (E.D. Mo. 2021). Under that doctrine, a defendant's right to remove an action based on diversity jurisdiction cannot be defeated by the fraudulent joinder of a non-diverse or resident defendant. *Id.* (citing *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)). Joinder of a defendant is fraudulent where "no reasonable basis in fact and law" exists to support the claims asserted against that defendant. In such a case, dismissal of the fraudulently joined defendant is proper. *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014). Where "state precedent precludes the existence of a cause of action against a defendant" or "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant," joinder is also fraudulent. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). The removing party bears the burden of proving that joinder was fraudulent. *Id.* at 808.

In assessing whether Defendant Underwood was fraudulently joined, the Court must decide "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. The resolution of that question turns on whether Plaintiff might have a "colorable" claim against Defendant Underwood, the resident defendant. *Anderson v. R.J. Reynolds Tobacco Co.*, 549 F. Supp. 3d 979, 981 (E.D. Mo. 2021) (citing *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)). In making the predicting as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). Where the sufficiency of the plaintiff's claim is

10

questionable, "the better practices if for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id*.

Here, Defendant Underwood is the only Defendant who is a resident of Missouri and is the only defendant capable of destroying diversity jurisdiction. As discussed above, the Court has granted Defendant Underwood's Motion to Dismiss Counts III, IV and V and dismissed him from the action. The Court having reviewed the claims against Defendant Underwood finds that Plaintiff does not have a "colorable" claim against Defendant Underwood. Thus, Defendant Underwood is fraudulently joined and Defendant Auto-Owners removal to federal court was proper. For the reasons stated, Plaintiff's Motion to Remand is **DENIED**.

## CONCLUSION

For the following reasons Defendant Underwood's Motion to Dismiss Counts III, IV and V of Plaintiff's Complaint is hereby **GRANTED**. Defendant Underwood's Motion to Dismiss Counts III and IV based on failure to state a cause of action is **GRANTED**. Defendant Underwood's Motion to Dismiss Count V based on an agent cannot be held personally liable for those lawful acts done within the scope of his authority and on behalf of a disclosed principal is **GRANTED**. Defendant Underwood is hereby dismissed from the case.

Additionally, for the following reasons Plaintiff's Motion to Remand is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED:  July 10, 2025

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**